IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GEORGE WAYNE FURROW and | ) | Case No. 03-22740-drd |
| CAROL ANNE FURROW, | ) | |
| | ) | |
| Debtors. | ) | Adv. No. 04-2006 |
| | ) | |
| CAROL ANNE FURROW | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the motion for summary judgment ("Motion") filed by the United States Department of Education ("Department" or "Defendant") on plaintiff Carol Anne Furrow's ("Plaintiff") complaint to determine dischargeability of her student loans under 11 U.S.C. § 523(a)(8). The Department asserts that Plaintiff has the option to repay her student loans through the Department's Income Contingent Repayment Plan ("ICRP"), which takes into account the borrower's financial situation. Thus, the Department argues that repayment of her student loans would not be an undue hardship on Debtor and her complaint should be dismissed. The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 9014 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court denies the Department of Education's motion for summary judgment.

## I. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts."). In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). Rather, the court's clear duty first is to ascertain whether the case features genuine issues of material facts. *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir.1980). If so, a trier of fact must resolve those issues. *Celotex v. Catrett*, 477 U.S. at 322.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Debtors George and Carol Furrow ("Debtors") filed their petition in bankruptcy on February 13, 2004. Plaintiff and her husband do not have any dependents. The Debtors' Schedules I & J indicate that they have gross monthly income of $1,169.00 and monthly expenses of $1,208.48. Both

Debtors list their occupation as "disabled."  Plaintiff filed a Complaint to Determine Dischargeability of Student Loans ("Complaint") on February 10, 2004.  In her Complaint, Plaintiff asserted that her student loan indebtedness is in the amount of $1,806.65.  She also asserted that the Debtors are disabled with no income other than disability income and that there is no reasonable likelihood that either of them will return to work in the foreseeable future.

In its Motion, the Department asserts that Plaintiff owes approximately $3,188.51 on her federally insured student loan.  The Department stated in its Motion that "it is unclear as to whether [the Debtors] might be able to regain their ability to perform those job skills."  The Department asserts that the Debtors' income is above the HHS Poverty Guidelines for a family of two in 2004.  The Department argues finally that Plaintiff has the option to repay her student loans through the ICRP and that repayment of her student loans would not be an undue hardship on Debtor and her complaint should be dismissed

### III.  DISCUSSION AND ANALYSIS

In its Motion, the Department argues that it is not an "undue hardship" for the Debtor to repay her student loan because the Department's ICRP ensures that repayment will never cause the student loan borrower to fall below a minimal standard of living as measured by the HHS Poverty Guidelines.  Under the ICRP, the annual repayment amount of a borrower's student loan is calculated as the lesser of a 12-year amortization times an income percentage factor that corresponds to the borrower's adjusted gross income (AGI), or 20 percent of the borrower's discretionary income, which is defined as the borrower's AGI minus "HHS Poverty Guidelines."  34 C.F.R. § 685.209.

In this Circuit, the applicable standard in determining whether repaying a student loan is an

"undue hardship" on the debtor is the "totality of the circumstances" test. *Long v. Educ. Credit Mgmt. Corp. (In re Long)*, 322 F.3d 549, 554 (8th Cir. 2003). In applying this approach, the courts are to consider: (1) the debtor's past, current and reasonably reliable future financial resources; (2) the reasonable necessary living expenses of the debtor and the debtor's dependents; and (3) and the other relevant facts and circumstances unique to the particular case. *Long*, 322 F.3d at 544. The principal inquiry is to determine whether "the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt – while still allowing for a minimal standard of living"; if so, the indebtedness should not be discharged. *Long*, 322 F.3d at 554.

The "totality of the circumstances" is obviously a very broad test, giving the Court considerable flexibility. As a result, courts in the Eighth Circuit have looked to a number of facts and circumstances to assisting them in making this determination including: (1) total present and future incapacity to pay debts for reasons not within the control of the debtor; (2) whether the debtor has made a good faith effort to negotiate a deferment or forbearance of payment; (3) whether the hardship will be long-term; (4) whether the debtor has made payments on the student loan; (5) whether there is permanent or long-term disability of the debtor; (6) the ability of the debtor to obtain gainful employment in the area of the study; (7) whether the debtor has made a good faith effort to maximize income and minimize expenses; (8) whether the dominant purpose of the bankruptcy petition was to discharge the student loan; and (9) the ratio of student loan debt to total indebtedness. *Fahrer v. Sallie Mae Servicing Corp. (In re Fahrer)*, 308 B.R. 27, 32 (Bankr. W.D. Mo. 2004) (citing *Vermaas v. Student Loans of North Dakota*, 302 B.R. 650, 656-57 (Bankr. D. Neb. 2003) and *Morris v. Univ. of Arkansas*, 277 B.R. 910, 914 (Bankr. W.D. Ark. 2002)). The factual record supplied to the Court by the Department in

the Motion offers no information on many of these factors.

The Department argues that Congress delegated the authority to the Secretary of Education to establish the terms and conditions under which defaulted student loan borrowers were to pay and that the Court should give the Department that same deference. The Department asserts that the use by Congress of the HHS Poverty Guidelines to determine "economic hardship" for student loan deferment is consistent with the Department's use of the Poverty Guidelines to determine a student loan borrower's ICRP, which is also consistent with the 8th Circuit's "minimal standard of living" test. The Department contends that since Plaintiff's obligation to pay on the loans is directly tied to her income, repayment will never cause her to fall below the "minimum standard of living" set forth in the HHS Poverty Guidelines. In sum, the Department argues that the Court should allow it to determine whether it will be an "undue hardship" for Plaintiff to repay her student loans based on the formula developed for its ICRP program and that it would not be an "undue hardship" for her to pay 20 percent of her disposable income toward the student loan under the 25-year ICRP.

Here, the Department considers that Plaintiff is eligible for the ICRP and that the Debtors' income is above the HHS Poverty Guidelines for a family of two in 2004. The fact that the household income may not be at or below poverty guidelines does not, however, preclude a finding of undue hardship. *See Fahrer*, 308 B.R. at 33; In re Powers, 235 B.R. 894, 900 (Bankr. W.D. Mo. 1999) (listing poverty guidelines as one factor to consider; not controlling); *see also, e.g., In re Meling*, 263 B.R. 275, 280 (Bankr. N.D. Iowa 2001) (debtor's income just above poverty guidelines, but other factors considered lent to discharge of student loan debt). The household's expenses and other circumstances may be such that it would still lack the funds necessary to maintain a minimal standard of

Document      Page 6 of 8

living if required to repay the student loan. *Fahrer*, 308 B.R. at 34.

Additionally, the availability of the ICRP is but one of the factors for the Court to consider in determining whether excepting the debt from discharge would impose an undue hardship on the Debtor. *Id.; Ford v. Student Loan Guarantee Found. of Arkansas (In re Ford)*, 269 B.R. 673, 675 (B.A.P. 8th Cir. 2001); *Mulherin v. Sallie Mae Servicing Corp. (In re Mulherin)*, 297 B.R. 559, 565 (Bankr. N.D. Iowa 2003); *In re Wilson*, 270 B.R. 290, 294-95 (Bankr. N.D. Iowa 2001). For this Court to simply delegate to the Department of Education the determination of what Plaintiff can afford to pay on her student loan would be to abdicate the responsibility given it by Congress to make the determination of undue hardship. *See, e.g., Limkemann v. U.S. Department of Education*, 2004 WL 2032375, *4 (Bankr. N.D. Iowa 2004) ("A significant problem in the [Department's] argument is that requiring a bankrupt debtor to participate in the ICRP whenever eligible in lieu of receiving a discharge deprives the bankruptcy court of its role in determining undue hardship."); *see also, In re Durrani*, 311 B.R. 496, 508-09 (Bankr. N.D. Ill. 2004) (substituting the ICRP for the "thoughtful and considered exercise" of the court's discretion would convert an undue hardship inquiry into a "rote and meaningless exercise"); *see also, In re Korhonen*, 296 B.R. 492, 496 (Bankr. D. Minn. 2003) ("The [ICRP] cannot trump the Congressionally mandated individualized determination of undue hardship."); *In re Johnson*, 299 B.R. 676, 682 (Bankr. M.D. Ga. 2003) ("If Congress had intended the question of dischargeability of student loans to be delegated to a nonjudicial entity, no matter how fair its formulas and intentions may appear, it could have provided for such."); *Newman v. ECMC*, 304 B.R. 188 (Bankr. E.D. Pa. 2002) (stating unaware of any decision holding the availability of the ICRP by itself requires a finding it would not be an undue hardship to repay student loan obligation).

Furthermore, the Department concedes in its Motion that "it is unclear as to whether [the Debtors] might be able to regain their ability to perform those job skills." The Plaintiff asserts in the Complaint that there is no reasonable likelihood that she or her husband will return to work in the foreseeable future. Accordingly, the Court must determine the nature, scope and impact of the disability based on evidence not before it in this Motion. The Debtors' Schedules indicate that their monthly expenses exceed their monthly income. Additionally, the parties dispute the amount of the student loan obligation. The question of fact as to the debtor's past, current and reasonably reliable future financial resources; the reasonable necessary living expenses of the debtor and the debtor's dependents; and other relevant facts and circumstances unique to the particular case necessarily entail testimony, evidence, and findings by the Court on contested issues of fact. In this case, genuine issues of material fact exist regarding whether repayment of Plaintiff's student loans would be an undue hardship notwithstanding the ICRP, and it is the Court's duty to evaluate the factors relating to dischargeabilty of the student loans rather than merely allowing the Department to make its own evaluation based solely on its ICRP. The Department did not meet its burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. at 161.

Therefore, for the reasons stated above, the United States Department of Education's motion for summary judgment is hereby denied. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

ENTERED this 28th day of September 2004.

/s/ Dennis R. Dow

THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:
E. Eugene Harrison
Kyle D. Emmons