IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GEORGE WAYNE FURROW and ) | Case No. 03-22740-drd |
| CAROL ANNE FURROW, ) | |
| ) | |
| Debtors. ) | Adv. No. 04-2006 |
| ) | |
| CAROL ANNE FURROW ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion to dismiss without prejudice ("Motion") filed by the United States Department of Education ("Department" or "Defendant") the complaint of plaintiff Carol Anne Furrow ("Plaintiff") to determine dischargeability of her student loans under 11 U.S.C. § 523(a)(8). The Department asserts that the Court should dismiss this adversary proceeding without prejudice because Plaintiff has been granted a conditional disability discharge under the Department's guidelines and may receive administratively at the end of a three-year period all of the relief that could be provided by this Court. Plaintiff argues that even though she has been granted conditional relief by the Department, she still has the right to seek a determination by the Court of undue hardship under § 523(a)(8). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court grants the Department of Education's motion to dismiss

without prejudice.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Debtors George and Carol Furrow ("Debtors") filed their petition in bankruptcy on November 23, 2003.  Debtors do not have any dependents.  The Debtors' Schedules I & J indicate that they have gross monthly income of $1,169.00 and monthly expenses of $1,208.48.  Both Debtors list their occupation as "disabled."   Plaintiff filed a Complaint to Determine Dischargeability of Student Loans ("Complaint") on February 13, 2004.  In her Complaint, Plaintiff asserted that her student loan indebtedness is in the amount of $1,806.65.  She also asserted that the Debtors are disabled with no income other than disability income and that there is no reasonable likelihood that either of them will return to work in the foreseeable future.

Plaintiff sought a disability discharge by the Department due to a total and permanent disability.  By letter dated January 28, 2005, the Department notified Plaintiff that based on its preliminary determination, Debtors met the criteria for a conditional disability discharge and were placed in that status for a period of three years.  During this period, Debtors are not required to make payments and interest does not accrue.  The letter further advised that if, during the three year period, Debtors do not receive income from employment that exceeds the poverty guidelines and do not take out any more student loans, they will be granted the total and permanent disability discharge of the student loan at the end of the three-year period.

## II.  DISCUSSION AND ANALYSIS

The Bankruptcy Code exempts certain educational debt from discharge unless it is shown that repayment of that debt "will impose undue hardship on the debtor and the debtor's dependents."  11 U.S.C. §523(a)(8). Whether the dischargeability issue is ripe for decision is a

legal question which may be raised *sua sponte* at any stage of the proceedings. *See Bergstrom v. Bergstrom*, 623 F.2d 517, 519 n. 1 (8th Cir. 1980); *see also, Bender v. Educational Credit Mgmt. Corp. (In re Bender)*, 297 B.R. 126, 130 (D. Neb. 2003), *aff'd*, 368 F.3d 846 (8th Cir. 2004). "The ripeness doctrine is invoked to determine whether a dispute has yet matured to a point that warrants decision. The determination is rested both on Article III concepts and on discretionary reasons of policy." *Bender*, 297 B.R. at 132. Plaintiff must exhaust all administrative remedies and rights provided to her prior to this Court determining whether hardship, as defined by § 523(a)(8), exists on the evidence presented. *See Scholl v. Nebraska Student Loan Program (In re Scholl)*, 259 B.R. 345, 348-49 (Bankr. N.D. Iowa 2001) (denying discharge without prejudice against Debtor refiling if, after exhausting administrative remedies, he has not been provided relief). Because Plaintiff's administrative remedies will not be exhausted until the three-year period runs under her conditional disability discharge granted by the Department, this matter is not ripe for this Court to determine.

There are two factors relevant to a ripeness decision: the fitness of the issue for judicial resolution and the hardship to the parties of withholding court consideration. *Bender*, 297 B.R. at 132 (citing *Automotive, Petroleum & Allied Industries Employees Union v. Gelco Corp.*, 758 F.2d 1272, 1275 (8th Cir. 1985). The first factor of "fitness for judicial resolution" generally "safeguards against judicial review of hypothetical or speculative disagreements." *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir.2000). The second factor of "hardship to the parties" involves a determination that delayed review will result in significant harm, with "harm" including both the traditional concept of damages and also the heightened uncertainty and resulting behavior modification that may result. *See id.*

3

Neither factor supports an immediate determination as to the dischargeability of the student loan debt this case. The Court agrees with the Department's argument that it is unnecessary to proceed with judicial determination when Debtors may potentially receive all of the relief that they are seeking administratively. Any determination that the Court may make at this juncture regarding Debtors' hardship discharge would be purely hypothetical and speculative given the fact that there may be no debt to be discharged under § 523(a)(8) at the end of the three-year period. If Debtors do not apply for additional student loans nor receive income over the poverty level, the student loan debt will be administratively discharged by the Department at the end of the three-year period and there will be no remaining debt for this Court to discharge.

As to the second factor, there will be no hardship to the Debtors by the Court declining to decide the dischargeability issue at this time. As discussed, the entire debt may be discharged in three years conditioned upon certain factors. If, at the end of the three-year period, Debtors do not receive a full administrative discharge from the Department, they are free to return to this Court and reopen their case to seek dischargeability of the student loan pursuant to § 523(a)(8). In the interim, Debtors are not required to make any payments on the student loan and interest will not accrue. Thus, if the debt is not administratively discharged at the end of the three-year period, the amount owed will be the same as it is today.

Plaintiff argues that the Department seeking dismissal of this adversary proceeding due to its conditional discharge is similar to the Department seeking summary judgment because of the existence of the Income Contingent Repayment Plan ("ICRP"). In ruling on the Department's motion for summary judgment regarding the ICRP, this Court stated that it would not simply

delegate to the Department the determination of what Plaintiff can afford to pay on her student loan as that would abdicate the responsibility given to this Court by Congress to make the determination of undue hardship.  However, the situation at issue now is distinguishable from the one that faced the Court on the motion for summary judgement.  In that situation, Plaintiff would not have had the ability to return to this Court to seek its determination of dischargeability of her student loan due to undue hardship.  Rather, the Department's decision under the ICRP would have determined the undue hardship issue.  Conversely, in the situation at hand, the Department has granted Plaintiff a conditional disability discharge under its own administrative guidelines.  However, if that discharge does not become permanent or total at the end of the requisite three-year period, Plaintiff still has the ability to return to this Court to seek a judicial determination on the dischargeability of her student loan.  Thus, no harm or prejudice to the Plaintiff will result and the Court is not abdicating its responsibility to determine the dischargeability of Plaintiff's student loan if such determination becomes necessary.

Therefore, for the reasons stated above, the United States Department of Education's motion to dismiss without prejudice is hereby granted.  This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law.  A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

ENTERED this 24th day of May 2005.


/s/ Dennis R. Dow

THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:

E. Eugene Harrison

J. Brian Baehr